## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CR-20371-Bloom/Elfenbein

**UNITED STATES OF AMERICA**

        Plaintiff,

vs.

**KASHMIRI PILLAY,**

        Defendant,

_____/

## MOTION FOR BILL OF PARTICULARS

Pursuant to *Fed. R. Crim. Pro. 7(f)* as well as the Fifth and Sixth Amendments to the United States Constitution the defendant Kashmiri Pillay hereby moves this court for an order requiring the government to provide a Bill of Particulars setting forth the specific information requested below. A Bill of Particulars will adequately apprise Defendant of the scope of the Government's allegations and allow Kashmiri Pillay to prepare her defense and avoid unfair and prejudicial surprise at trial.

## BACKGROUND

On August 21, 2025, the government returned an indictment against the defendant charging her with a violation of *18 USC § 1425(a)*. (DE 3). The indictment alleges that from on or about March 16, 2020, through January 21, 2021, the defendant did knowingly procure and attempt to procure, contrary to

1

law, naturalization and documentary and other evidence of naturalization and of citizenship for herself in violation of the statute.

The indictment is too vague and requires greater specificity. It alleges a time span of approximately 10 months. It does not specify the "law" that Ms. Pillay's procurement of naturalization was "contrary to." And it does not specify the substance, nature, and circumstances surrounding any false statements that allegedly support this indictment. Thus, Kashmiri Pillay requests that the Court order a bill of particulars.

The government has produced approximately 390 pages of documents to the defendant. It is not possible to ascertain the specific nature of the alleged false statements contained within these materials, nor is it clear in which document any such statements were purportedly made. Furthermore, and more interesting, it appears that Ms. Pillay was represented by counsel when filling out these documents.

The fact that Ms. Pillay was represented by counsel throughout the process of completing and submitting the relevant documents further underscores the need for specificity in the indictment. Her reliance on legal advice raises additional questions about the intent and knowledge required to support the charge under *18 USC § 1425(a)*. Without a clear identification of the precise statements or actions alleged to be unlawful, it is impossible to determine whether any purported misrepresentation was knowing, willful, or even attributable to Ms. Pillay herself, rather than the result of advice or drafting by

2

her attorney. The involvement of counsel adds an additional layer of complexity that warrants particularized notice of the government's claims. Thus, a bill of particulars is not only appropriate but is essential to ensure Ms. Pillay's ability to confront the allegations and preserve her constitutional rights.

## **ARGUMENT**

The Fifth Amendment guarantees criminal defendants the right to be charged by way of grand jury indictment. U.S. Const. amend. V. The Sixth Amendment guarantees that criminal defendants have the right "to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI.

The Federal Rules of Criminal Procedure elaborate on the substance of the indictment, requiring a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). For an indictment to be constitutionally sufficient, the Supreme Court of the United States has instructed that it must "first, contain[ ] the elements of the offense charged and *fairly inform[ ] a defendant of the charge against which he must defend,* and second, enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he Court may direct the filing of a bill of particulars." In *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986), the Court of Appeals described the function of a bill of particulars as follows:

3

> The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense (citation omitted).

A bill of particulars, therefore, "supplements an indictment by providing the defendant with information *necessary for trial preparation*." *Id.* (emphasis added). Indeed, one noted commentator has described a bill of particulars as "the one method open to a defendant in a criminal case to secure the details of the charge against him." 1 Wright, *Federal Practice and Procedure, Criminal 2d,* § 129.

The use of a bill of particulars to inform a defendant of just what facts, assertions and occasions he must be prepared to meet is "entirely consonant with the growing realization that disclosure, rather than suppression of relevant materials, ordinarily promotes the proper administration of criminal justice." *Dennis v. United States*, 384 U.S. 855, 970 (1966). Thus, the fundamental and constitutionally required function that a bill of particulars serves is to inform an accused of the charges so distinctly and specifically that he is clearly advised of what must be proved and therefore has a fair and reasonable opportunity to prepare the defense.

Because of the bare and vague allegations contained in the Indictment, the government has failed to satisfy its obligation to inform Ms. Pillay sufficiently to allow her to prepare her defense as to the specific false statements at issue, to prevent prejudicial surprise at trial, to prevent undermining the interests of judicial economy during the trial, or to facilitate a plea of double jeopardy at a

4

subsequent proceeding. *See United States v. Haas*, 583 F.2d 216 (5th Cir. 1978). Since clarification is needed, a bill of particulars is the appropriate method of securing this information. *Id.* at 221. Specifically, with respect to the Indictment, a bill of particulars is the appropriate manner in which to require the government to specify with particularity the false statement or statements at issue.

In *United States v. Mensah*, 737 F. 3d 789 (1st Cir. 2013) the government had filed a Bill of Particulars at the defendant's request that "pointed to three false statements: (1) his response "N/A" on the naturalization application form, when asked if he had used other names since becoming a permanent resident, (2) his answer of 'no' (by checking a box on the form), when asked if he had 'ever knowingly committed any crime' for which he had not been arrested, and (3) his oral statement to INS Officer Saucier in August 2001 repeating that he had never knowingly committed such a crime." *Id.*

In *United States v. Gasana*, 719 F. Supp.3d 175 (U.S.D.C. New Hampshire 2024) the indictment identified the specific form containing the alleged false and fraudulent statements, form N-400. In addition, the government agreed to supplement the allegations in the indictment by informing Gasana of the specific statements on Gasana's immigration documents it intended to prove were false.

In contrast, nowhere in the Pillay indictment does the government identify which form(s) contained the false and/or fraudulent statements or what the specific false or fraudulent statements are, when they were made, to whom (an officer orally or a written response on a form or some other format), or how many

5

false statements it is asserting Ms. Pillay made during the time period alleged in the indictment. This lack of detail is certainly important since the defendant was represented by a lawyer when she filled out and submitted these documents.

Ms. Pillay therefore moves the Court to order the government to provide the following information in the form of a Bill of Particulars for the Indictment:

a. A description of each alleged false statement, including identifying which questions to which the defendant allegedly provided false answers, and to whom these statements were made,

b. The reason(s) that statement is alleged to be false,

c. The date and circumstances surrounding each alleged false statement, and

d. The provisions of "law" that the government claims Ms. Pillay's procurement of naturalization was "contrary to," *see 18 U.S.C. § 1425(a)* (criminalizing procurement of naturalization "contrary to law").

## **CONCLUSION**

For the foregoing Ms. Pillay respectfully requests this court grant this motion for bill of particulars.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF to Assistant United States Attorney, Ilana Malkin, this 1st day of October 2025.

    /s/ Russell J. Williams
**RUSSELL J. WILLIAMS, ESQ.**
Russell J. Williams, P.A.
Attorney for Defendant,
Seacoast Bank Building
12 Southeast 7th Street Suite 700
Fort Lauderdale, FL 33301
Office: (954) 525-2889
Fax: (954) 206-9276
Florida Bar # 727751
Email: Rjwesquire@aol.com

    /s/ Daniel Grande
**DANIEL GRANDE, ESQ.**
Grande Law, P.A.
Attorney for Defendant
8603 S. Dixie Highway, Suite 205
Miami, Florida 33156
Office: 305-307-8052
Florida Bar # 55900
Email: Danny@grande-law.com

## CONCLUSION

For the foregoing Mr. Colon respectfully requests this court grant this motion for bill of particulars.

Respectfully submitted,

/s/ Russell J. Williams
**RUSSELL J. WILLIAMS, ESQ.**
Seacoast Bank Building
12 Southeast 7th Street, Suite 700
Fort Lauderdale, FL 33301
Office: (954) 525-2889
Fax: (954) 206-9272
Florida Bar No. 727751
Email: Rjwesquire@aol.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF to the following: Assistant U.S. Attorney, Catherine Koontz this 30th day of June 2025.

8

      /s/ Russell J. Williams
**RUSSELL J. WILLIAMS, ESQ.**
Seacoast Bank Building
12 Southeast 7th Street, Suite 700
Fort Lauderdale, FL 33301
Office: (954) 525-2889
Fax: (954) 206-9272
Florida Bar No. 727751
Email: Rjwesquire@aol.com