UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20371-BB(s)

UNITED STATES OF AMERICA

v.

KASHMIRI PILLAY,
    a/k/a "B.A.,"

        Defendant.

_____/

## FACTUAL PROFFER

The United States of America, Defendant Kashmiri Pillay, a/k/a "B.A.," (the "Defendant"), and the Defendant's counsel (collectively, the "Parties"), stipulate to and agree not to contest the following facts and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty to the Superseding Information, which charges the Defendant with procuring citizenship or naturalization unlawfully, in violation of Title 18, United States Code, Section 1425(a), and false information in voting, in violation of Title 52, United States Code, Section 10307(c). The Parties agree that had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1.      On or about March 16, 2020, the Defendant submitted a Naturalization Application (United States Citizenship and Immigration ("USCIS") Form N-400) (the "Application"). The Application asked the following questions:

    a.  "Have you EVER claimed to be a U.S. citizen (in writing or any other way)?"

    b.  "Have you EVER committed, assisted in committing, or attempted to commit,

a crime or offense for which you were NOT arrested?"

2. The Defendant answered, "No," to each of these questions. The Defendant completed the Application under penalty of perjury and certified that all information contained therein was complete, true, and accurate.

3. The Defendant was interviewed, under oath, on or about November 10, 2020, by a USCIS Officer. During this interview, the Defendant verified her previous answers and again affirmed under the penalty of perjury that the Application was complete, true, and correct.

4. USCIS ultimately approved the Defendant's Application, and the Defendant was naturalized as a United States citizen after taking an oath at the Naturalization Oath Ceremony on January 21, 2021.

5. Prior to applying for citizenship, the Defendant obtained a Florida driver's license using the name, date of birth, and place of birth of B.A. The Defendant claimed to be a United States citizen using B.A.'s identity, and the Florida driver's license issued to the Defendant in B.A.'s name reflected citizenship status.

6. The Defendant did not disclose this information to USCIS and agrees these are facts would have justified USCIS in denying naturalization or would predictably have led to other facts warranting that result.

7. On or about November 6, 2022, the Defendant knowingly and willfully provided the name of B.A. in order to vote in an election. The Defendant agrees this was false information as to her name in order to establish eligibility to vote in an election held in part to elect federal candidates.

The facts described above are not intended to be a complete recitation of the facts of this case and are merely intended to form a basis for the undersigned defendant's knowing, willful, and intentional plea of guilty to the Superseding Information.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 1/23/26          By: _____
                            ILANA R. MALKIN
                            ASSISTANT UNITED STATES ATTORNEY

Date: 1/23/26          By: _____
                            DANIEL GRANDE
                            COUNSEL FOR DEFENDANT

Date: 1/23/26          By: _____
                            KASHMIRI PILLAY
                            DEFENDANT